Trench v. Hardin County Canning Co.

67   269
168s 135

# Daniel G. Trench, doing business as Daniel G. Trench & Co., v. Hardin County Canning Co.

1. WORDS AND PHRASES—*Express Warranty.*—The words, "understand we quote you only on cans that are well made, tested, and perfectly satisfactory for your work," contained in a letter in which was a quotation of prices and an offer of sale, amount to an express warranty that the cans are to be good and first-class in every particular and suited to the buyer's business.

2. AGENTS—*When Personally Liable.*—Where an agent deals with third persons who have no knowledge of his principal, his undertakings will bind him personally.

3. PRACTICE—*What is Not a Misjoinder.*—The joinder of common and special counts in assumpsit is not a misjoinder.

4. VARIANCE—*What is Not.*—The fact that letters in which was contained a contract bore a date different from that named in the declaration upon the contract as the day when it was made, is no variance.

Assumpsit, upon a contract, etc. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

STEPHEN G. SWISHER and W. N. HORNER, attorneys for appellant.

PRENTISS, HALL & GREGG, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The dealings between these parties began by a letter from the appellee to the appellant, inquiring the price of "cans"—as the case shows, tin cans in which to pack comestibles.

The appellant replied, his letter containing this clause :

"Sellers guaranteeing to pay for all cans and contents spoiled by leaks exceeding two cans to the thousand, leaks to be held subject to the order of seller."

All of the letters—and there were many—from the appellant to the appellee, were on letterheads as follows :

"Trench,        DANIEL G. TRENCH & Co.,
Chicago.  Canning Factory Outfitters and Brokers
        in Cans, Canned Goods, Tin Plate & Metals.
                31 Lake Street, Chicago."

Without following the details, the result was that the appellee bought 100,000 cans, which were shipped by a firm of Ranney & Phelps of Lewistown, Ill., with a bill of lading and draft by them on the appellee, attached, which the appellee paid.

The appellee began to use the cans, and then sent to the appellant this letter:

                "HARDIN COUNTY CANNING COMPANY,
        Successors to Elizabethtown Canning Company,
                Packers of Choice Canned Goods.

                        ELIZABETHTOWN, KY., Aug. 5, 1893.
Messrs. Daniel G. Trench & Co., Chicago, Ill.

GENTLEMEN:  The car load of two-pound cans we bought of you were not near so good as the sample you sent us, as far as appearances were concerned.  They are a very rough lot of cans.  This week we commenced packing, and we are sorry to inform you that the number of leaks is very much greater than the guarantee calls for, and that the leaks come from the cans themselves.  Of course we expect to hold you to your guarantee, and we advise you now so that we can both be properly protected.  We have had practical tinners to examine the cans, and we are prepared to substantiate all statements as to leaks.  It might be to your interest to send a man here to examine them.  Let us hear from you, as we want to do the proper and square thing. But this is not a year for leaks in anything.

                Respectfully,      H. A. SOMMERS,
                        Pres. H. C. C. Co."

To which appellant replied:

"Trench,     DANIEL G. TRENCH & Co., Chicago.
Canning Factory Outfitters and Brokers in Cans, Canned
        Goods, Tin Plate & Metals, 31 Lake Street.

                        CHICAGO, August 23, 1893.
Harding County Canning Co., Elizabethtown, Ky.

DEAR SIRS:  Your favor in regard to leaks received.

Dump the cans.   We have perfect confidence in your count. Your claim will be paid on basis of cost of cans and contents, and you know this means packer's cost—about sixty-five cents per dozen would be right; we have never settled at a higher cost than this in your section.   We will send you check if this is satisfactory.

Yours truly,

DANIEL G. TRENCH & Co."

And the appellee answered:

"HARDIN COUNTY CANNING COMPANY,

Successors to Elizabethtown Canning Company,

Packers of Choice Canned Goods.

ELIZABETHTOWN, KY., August 26, 1893.

Daniel G. Trench & Co., Chicago, Ill.

GENTLEMEN :   In reply to your favor of August 23d, we expect it would be right to accept your terms of sixty-five cents per dozen for the "leaks."   You need not, however, send check for the number already discovered, but we will wait and send you bill at the end of the season for the total amount.   We are having a good deal of trouble with the cans, but the number of leaks is not so large as last week.

Respectfully,

H. A. SOMMERS."

There is testimony that Ranney & Phelps mailed, and that the appellee did not receive the following:

"LEWISTOWN, ILL., April 8, 1893.

Hardin County Canning Company, Elizabethtown, Ky.

GENTLEMEN :   We are shipping you to-day, freight prepaid, a car containing 100,000 2-pound cans, $1\frac{3}{8}$-inch opening, as per sale made to you through Messrs. D. G. Trench & Company, Chicago.   We have drawn on you through Messrs. Turner, Phelps & Company, bankers, for $1,950, and attached invoice and bill of lading to the draft.   Kindly honor the same on presentation.   Thanking you for your valued order, we are, very truly yours,

RANNEY & PHELPS."

These letters appear in the case :

" DANIEL G. TRENCH & Co.,

31 Lake street.

CHICAGO, Sept. 8, '93.

Hardin County Canning Co., Elizabethtown, Ky.

DEAR SIRS : Mr. Marriott called on us to-day and read your letter in regard to cans. We at once wired the manufacturers to send a man to your place at once to look up the matter.        Yours truly,

DANIEL G. TRENCH & Co."

" HARDIN COUNTY CANNING COMPANY,

Successors to Elizabethtown Canning Company, Packers of Choice Canned Goods.

ELIZABETHTOWN, KY., Sept. 11, '93.

Daniel G. Trench & Co., Chicago, Ill.

Your letter to hand stating that you had a talk with Mr. Marriott, who called at your office in regard to the leaks in cans we bought of you, and that you had wired the manufacturers to send a man here at once to investigate. The man has not come yet, and he should come at once and the matter settled up. For a small concern we are bound to lose by the bad cans anyway, but we certainly do want a settlement as per agreement. Let us know at once when the representative of the manufactory of the cans will be here.        Respectfully,

H. A. SOMMERS, Pres.

P. S.   Who made these cans, anyhow ? "

No reply to the latter appears.

Thus far, the relations of the parties seem to have been amicable, and the first indication we find of trouble is in this letter :

" DANIEL G. TRENCH & Co.,

Canning Factory Outfitters and Brokers in Cans, Canned Goods, Tin Plate & Metals, 31 Lake St.

CHICAGO, Oct. 31, '93.

Hardin County Canning Co., Elizabethtown, Ky.

DEAR SIRS : Your favor received. It will be useless to

draw on us as suggested. Your settlement of this matter of claim lies with the sellers of the goods on whom we gave you contracts (see inclosed copy of contracts), Messrs. Ranney & Phelps, of Lewistown, Ill. Your communications bearing on this subject and the bill you rendered have been submitted to them, and from their correspondence we had hoped that before this some member of their firm would have called on you. This seems difficult to arrange, as both Mr. Ranney and Mr. Phelps have been quite busy. They have now, however, commissioned our Mr. I. V. McCagg to visit your place and make report on the cans and your claim in general. Mr. McCagg leaves here on Thursday of this week for your city. Writer will be absent from Chicago for about ten days, leaving to-night for Baltimore. Kindly, in meanwhile, communicate with Messrs. Ranney & Phelps on any points touching the claim which you may desire to communicate. Yours truly,

DANIEL G. TRENCH & Co."

The evidence is that the appellee packed 60,000 cans, of which 21,004 leaked, and 40,000 cans remain empty. The appellee sued to recover the price of the leaky cans, and sixty-five cents per dozen for the contents, as well as the price of the cans not used. The verdict covered the leaky cans and contents only.

The only objection of the appellant which can be considered as going to the merits, except surmises, not supported by any evidence, as to fair dealing by the appellee, is that the appellant acted only as agent for Ranney & Phelps, and the recourse of the appellee is to them.

Omitting the letter of Ranney & Phelps of April 8, 1893, the receipt of which is denied by the appellee, there was, so far as the record shows, no notice to the appellee that the appellant was not the principal.

And even yet there is no evidence that he had authority from Ranney & Phelps to bind them "to pay for all cans and contents spoiled by leaks," etc.

Without such proof, his undertakings bind him personally. Wheeler v. Reed, 36 Ill. 81.

"Dump the cans" in the letter of appellant to appellee of August 23, 1893, was not a direction to fill no more. Three days later the appellee wrote a letter, showing that it was going on to fill the cans, and it does not appear that the appellant was dissatisfied.

The letter from which the first quotation is made contained the sentence: "Understand we quote you only on cans that are well made, tested and perfectly satisfactory for your work."

Those words are an express warranty that in legal effect does not vary from that alleged in the second count, that the appellant promised that the cans "should be good and first-class in every particular, and suited to the" appellee's "business." And the first quotation fixes the damages if the warranty should be broken.

We can not occupy much space replying to arguments that the pleading upon an implied and express warranty are different, contrary to 1 Ch. Pl. 309, Ed. 1893, or to showing that Parkinson v. Lee, 2 East, 314, which decides that a sale by sample is not a warranty that the article is merchantable, is inapplicable here.

That none of the letters were dated on the day that in the declaration it was alleged that the contract was made, is no variance. Brown v. Smith, 3 N. H. 299.

That joinder of common and special counts in assumpsit is not a misjoinder, needs no authority.

There is no error, and the judgment is affirmed.